**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BRIAN S.,** ) | |
| ) | **No. 24 C 12243** |
| **Plaintiff,** ) | |
| ) | **Magistrate Judge M. David Weisman** |
| **v.** ) | |
| ) | |
| **FRANK BISIGNANO,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Brian S. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

On May 23, 2022, plaintiff applied for benefits, alleging a disability onset date of October 18, 2019. (R. 133.) His application was denied initially, on reconsideration, and after a hearing. (R. 107-60.) Plaintiff appealed to the Appeals Council, which denied review, leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity for the closed period of February 11, 2022 to March 1, 2023. (R. 45-46.) At step two, the ALJ found that plaintiff has the severe impairments of chronic kidney disease, right shoulder status post acromioclavicular joint separation and repair, coronary artery disease status post stenting. (R. 46.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (*Id.*) At steps four and five, respectively, the ALJ found that plaintiff cannot perform his past relevant work but has the RFC to perform work that exists in significant numbers in the national economy, and thus he is not disabled. (R.46-52.)

The ALJ found that plaintiff had the RFC:

[T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can frequently push or pull with right dominant shoulder; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs and crawl; can frequently stoop, kneel, and crouch; can occasionally perform overhead reaching

with right upper extremity and frequently reach in all other directions; cannot work around hazards such as unprotected heights and exposed moving mechanical parts; and cannot tolerate more than occasional, concentrated exposure to extreme cold or extreme heat.

(R. 46-47.) Plaintiff contends the RFC is flawed because the ALJ did not address or account for plaintiff's fatigue. The Commissioner argues that the ALJ implicitly rejected plaintiff's claim of disabling fatigue because he adopted the agency doctors' opinions, and they rejected that claim. (*See* R. 128, 137, 146, 155 (showing that the agency medical reviewers considered plaintiff's complaints of fatigue.))

> The Seventh Circuit agrees with the Commissioner:
>
> Ramos asserts that the ALJ ignored several positive clinical findings in the record, as well as his arrest and anger episodes. But the "ALJ's 'adequate discussion' of the issues need not contain 'a complete written evaluation of every piece of evidence.'" *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (quoting *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013)). Furthermore, the ALJ's omission of some evidence is excusable when she relies on the medical opinions of experts who did consider that evidence. *See Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (explaining that evidence may be "factored indirectly into the ALJ's decision as part of the doctors' opinions"). In that way, the ALJ's reliance on Dr. Brooks's opinion incorporated Dr. Brooks's consideration of Ramos's arrest and anger episodes.

*Ramos v. Kijakazi*, No. 22-2899, 2023 WL 4554539, at *3 (7th Cir. July 17, 2023). Because the agency medical reviewers considered plaintiff's allegations of fatigue, and the ALJ adopted the reviewers' opinions (R. 50), the ALJ's failure to explicitly consider the fatigue allegations is not a basis for remand.

Plaintiff also argues that the ALJ's evaluation of Dr. Abdul-Kah's opinion was flawed. Dr. Abdul-Kah, a cardiologist who has treated plaintiff since 2020, opined that plaintiff: (1) has coronary artery disease, NYHA Class 2 heart failure, and anginal pain precipitated by heavy exertion every four to six months; (2) can stand/walk two hours and sit at least six hours of an eight-hour workday; (3) can frequently lift and carry up ten pounds and rarely lift twenty pounds;

and (4) would miss two workdays per month due to his heart impairment. (R. 1042-43.) The ALJ

said this about Dr. Abdul-Kah's opinions:

> The claimant's cardiologist, opined in September 2022 (Ex. 9F/1), that the claimant is limited to two hours of standing/walking. He stated the claimant has anginal pain every 4-6 months. He opined the claimant could walk 4-5 blocks, needs a 5-10 minute break every two hours, and has good days and bad days with about two absences per month. This is not persuasive as the spells every 4-6 months are not supported in the record. There is not support to limit to two hours of standing and walking, or rarely lifting 20 pounds. The evidence supports light work, as per his lack of shoulder treatment, success in physical therapy and consultative exam results.

(R. 49.)

Plaintiff contends that this assessment falls short because the ALJ did not evaluate Dr.

Abdul-Kah's opinions as the regulations instruct. *See* 20 C.F.R. § 404.1520c(c) (stating that an

ALJ will consider how well a medical source's records support his opinions, how consistent the

opinions are with the other record evidence, the length, purpose and extent of the source's treating

relationship with the claimant, and whether the source is a specialist in their field). The

Commissioner argues that the ALJ's decision can be and is supported by "'elaboration and analysis

appearing elsewhere in the decision'" (ECF 19 at 6) (quoting *Zellweger v. Saul*, 984 F.3d 1251,

1254 (7th Cir. 2021)), specifically the following sentence from the summary of plaintiff's medical

history: "He saw cardiology in December 2022, and notes show his cardiologist had completed

paperwork to return to driving trucks in September 2022." (R. 49; *see* R. 1073.)[1]

Even reading the opinion as a whole, however, the ALJ's assessment of Dr. Adbul-Kah's

opinions falls short. The fact that another doctor completed paperwork for plaintiff to work as a

truck driver would impugn Dr. Abdul-Kah's opinions only if the job required plaintiff to stand and

walk for more than two hours a day, lift twenty pounds frequently, or do any other tasks that exceed

---

[1] Whatever we are to make of the ALJ's somewhat cryptic statement on this point, we do know that the medical record at R. 1073 was authored by Dr. Alex John Auseon, D.O., not Dr. Adbul-Kah.

the limits Dr. Abdul-Kah prescribed. There is no evidence that it did. Absent such evidence and given the fact that the ALJ did not otherwise assess Dr. Abdul-Kah's opinions in accordance with the regulations, this case must be remanded for reconsideration of the medical opinion evidence.

### Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, grants plaintiff's motion for summary judgment [ECF 18], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings.

**SO ORDERED.**                                 **ENTERED: September 10, 2025**

*M. David Weisman*
_____
**M. David Weisman**
**United States Magistrate Judge**